UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| AMBER DIAZ, *formerly known as* *Amber Yohman*, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CAUSE NO. 1:13-CV-199 ) |
| EDWARD NEWCOMER, GAMESA TECHNOLOGY CORPORATION, INC., and ENTERPRISE FM TRUST, | ) ) ) ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

This case was removed to this Court from the Allen Superior Court by Defendants based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Docket # 2.) The Notice of Removal alleges that, "[a]ccording [to] the plaintiff's Complaint, the plaintiff is a citizen of the state of Indiana" and that Defendant Enterprise FM Trust "is a statutory trust incorporated under the laws of the state of Delaware." (Notice of Removal ¶ 7.)

Defendants' Notice of Removal, however, is inadequate for two reasons. First, although Defendants allege that Plaintiff Amber Diaz is a citizen of Indiana, they do so according to the Complaint, which states that Plaintiff was a *resident* of Indiana. (Compl. ¶ 1.) But the "residency" of each party is meaningless for purposes of diversity jurisdiction, as "citizenship is what matters." *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332); *see* 28 U.S.C. § 1332. "It is well-settled that when the parties allege residence but not citizenship, the court must dismiss the suit." *Held v. Held*,

1

137 F.3d 998, 1000 (7th Cir. 1998) (internal quotation marks and citation omitted); *see generally Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 677-78 (7th Cir. 2006).

As a an individual, Diaz's "state citizenship is determined by [her] domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993); *see Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) ("In federal law citizenship means domicile, not residence."). But Defendants rely on the Complaint's allegation that Diaz is an Indiana *resident* to determine her citizenship. (Notice of Removal ¶ 7; *see* Compl. ¶ 1.) Residence, however, does not necessarily equate with domicile. *See Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("But residence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run."); *In re Sprint Nextel Corp.*, 593 F.3d 669, 674 (7th Cir. 2010) ("Granted, being a resident isn't the same thing as being a citizen, that is to say, a domiciliary."). Therefore, alleging that Diaz is a citizen of Indiana merely because the Complaint alleges she resides there is insufficient to establish her citizenship.

Furthermore, the Notice of Removal also fails to establish the citizenship of Enterprise FM Trust because a trust's citizenship is determined by the citizenship of the trustee, *Grede v. Bank of N.Y. Mellon*, 598 F.3d 899, 901 (7th Cir. 2010); *May Dep't Stores Co. v. Fed. Ins. Co.*, 305 F.3d 597, 599 (7th Cir. 2002); *see Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464-66 (1980), not where it is incorporated. Yet the Notice of Removal makes no mention of the trustee of Enterprise FM Trust or the trustee's citizenship. As such, Defendants must amend their Notice of Removal to make these allegations.

Accordingly, Defendants are ORDERED to supplement the record by filing an Amended

Notice of Removal on or before July 5, 2013, properly alleging the citizenship of Plaintiff Amber Diaz, which is determined by her domicile, and the citizenship of Defendant Enterprise FM Trust, which is based on the citizenship of its trustee.

SO ORDERED.

Enter for this 21st day of June, 2013.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge